IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICKEY FRANK PRYOR,** § <br> **#1536612,** § <br>     **PETITIONER,** § <br> § <br> **v.** § <br> § <br> **LORIE DAVIS, DIRECTOR, TDCJ-CID,** § <br>     **RESPONDENT.** § | **CIVIL CASE NO. 3:19-CV-211-K-BK** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Mickey Frank Pryor's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management. As detailed here, the successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

Pryor was convicted of assault with a deadly weapon and sentenced to 50 years in prison. *See State of Texas v. Pryor*, No. F-0800815-X (6th Crim. Dist. Ct., Dallas Cty., Tex., Aug. 18, 2008), *aff'd*, No. 05-08-01189-CR, 2009 WL 4806201 (Tex. App.—Dallas 2009, pet. ref'd). He unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Pryor v. Stephens*, No. 3:13-cv-0808-O-BF, 2014 WL 642773, *1 (N.D. Tex. Feb. 19, 2014), *aff'd*, 624 F. App'x 230 (5th Cir. 2015) (per curiam).

By this action, Pryor again challenges his underlying conviction, albeit on new grounds. Specifically, he complains that (1) counsel was ineffective for failing to confer with him prior to trial and advise him of a plea offer, (2) the trial court failed to consider a lesser-included offense,

(3) there was insufficient evidence to support the deadly-weapon finding, and (4) appellate counsel was ineffective for failing to file a motion for rehearing.  Doc. 7 at 6-7 (*Amended Petition*).

## II.    ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.  In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense.  *See* 28 U.S.C. § 2244(b)(2).  Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (Section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (Section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Because Pryor must obtain such an order before he can file a successive application challenging his conviction, his Section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit.

See *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. CONCLUSION

For the foregoing reasons, Pryor's successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631.

**SO RECOMMENDED** on March 27, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).